JAYWYN VIDEO PRODUCTIONS, LTD., Respondent, v SERVICING ALL MEDIA, INC., Appellant. JAYWYN VIDEO PRODUCTIONS, LTD., Respondent-Appellant, v HO-TEL, INC., et al., Appellants-Respondents.

These consolidated appeals arise out of an alleged breach of a distribution agreement concerning the licensing and exhibition of certain films in the "EROS" library. Separate actions were commenced by plaintiff, the owner of the films, against the distributor and the film library responsible for holding the films, alleging that they had permitted unauthorized release of the films, without proper payment to plaintiff. The complaint against defendants Ho-Tel and Klein (the president and sole stockholder of Ho-Tel) alleges generally that these defendants breached a fiduciary responsibility owed to plaintiff under the Distribution Agreement; that defendants willfully induced defendant SAM in the related action to breach its contract; that defendants converted plaintiff's funds; and that plaintiff is entitled to an accounting and injunctive relief.

Defendant Klein has admitted under oath that defendant Ho-Tel received $70,000 from HBO, $107,000 from SHO, and other funds for licensing the various films, without remitting any portion to plaintiff. Similarly, defendant SAM admits that it failed to comply with paragraph 5 (c) of the Laboratory Access Letter, in that it failed to ascertain whether plaintiff had received payment prior to release of the master videotapes. These admissions were sufficient for plaintiff to establish an entitlement to summary judgment on its causes of action for breach of fiduciary duty, conversion, and tortious interference against defendant Ho-Tel, and against defendant SAM in the action against it.

We agree with the IAS court that the various "defenses" raised by defendants in this regard are without merit. There is no indication that Ho-Tel was "defrauded" into entering into the Distribution Agreement based on representations that plaintiff already owned the films. In any event, defendants could not have been defrauded since they in fact loaned plaintiff the funds to consummate the sale. If, indeed, there was any unfair dealing, defendants have ratified the agreement by adhering to it and deriving benefit from it without objection. The claim that plaintiff has advanced a false copy of the contract is also without merit, since the relevant contractual provisions which defendant Ho-Tel has been shown to have breached do not differ in the version of the contract it claims to be the genuine agreement.

As to whether Klein should be personally liable, the IAS

court was correct in finding issues of fact. As to the cause of action for tortious interference with SAM's contract, the IAS court found that issues of fact exist, since the contract claimed to be the genuine contract by Klein differs from the contract offered by plaintiff. The IAS court reasoned that since the relevant provisions of the SAM contract differ, it can not be said as a matter of law that defendants were aware of the terms of the contract requiring that proof of payment precede release of the films. However, it is clear that there was only one genuine contract, and defendant SAM has admitted that it is the same version advanced by plaintiff. As the contract claimed to be the true contract by defendants *is not signed,* we find that defendants have failed to establish that plaintiff's contract is not genuine.

With respect to plaintiff's argument that defendants are not entitled to any compensation in view of the conversion, the issue should await an assessment of damages.

We have considered the remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.